## No. 11,888.

### STATE OF LOUISIANA VS. E. ALLGEYER & CO.

Act No. 66 of 1894 does not violate the provisions of the State and Federal Con-
stitutions.

It is within the power of the State to forbid a citizen of the State doing any act in
the State which violates the laws of the State.

If a party while in the State takes out an open policy in a marine insurance com-
pany domiciled out of the State and which has not complied with the laws of
the State for doing business within its territory, covering property situated
within the State, he is liable to the penalty imposed by Act 66 of 1894.

The mailing of a letter or telegraphing a communication by which instantly each
shipment of goods is insured and the risk attached is doing an act in this State
to effect insurance and comes within the act forbidden by the statute.

APPEAL from the Civil District Court for the Parish of Orleans.
Theard, J.

*M. J. Cunningham,* Attorney General, and *E. H. McCaleb, Jr.,* of
Counsel for Plaintiff, Appellant, cite: 13 Gratt (Va.), 767; 59 Fed.
R. 458; 139 Pa. Stat. 609; 106 Ill. 11; 143 U. S. 449; 49 Fed. R. 851;.
155 U. S. 648.

*Branch K. Miller* for Defendants, Appellees; 125 Mass. 374; 7 Bis-
sell C. C. 315.

Argued and submitted on briefs November 21, 1895.
Opinion handed down December 16, 1895.
Rehearing refused January 20, 1896.

The opinion of the court was delivered by

McENERY, J. This is a suit under Act 66 of 1894, for the benefit of
the Charity Hospitals of New Orleans and Shreveport, to compel the

defendants to pay the sum of three thousand dollars for effecting for themselves insurance in a foreign company, which had no authorized agent in this State. The answer of the defendant substantially sets out as defences that the open policy and the special insurances of shipments under the same are all New York contracts, and that the contract is beyond the jurisdiction of this court; there being no part of the contract which is to be performed elsewhere than in New York, and that no authority can be exercised upon persons, acts or contracts which are beyond the limits of the State, and the exercise of such authority would be extra-territorial; that the act is in violation of the Federal Constitution, as it is an interference with commerce, and it deprives the defendants of the equal protection of the laws, and that the act also violates the Constitution of the State of Louisiana, for the reasons last assigned.

Act 66 of 1894 is as follows:

"That any person, firm or corporation who shall fill up, sign or issue in this State any certificate of insurance under an open marine policy, or who, in any manner whatever, does any act in this State to effect for himself or for another, insurance on property, then in this State, in any marine insurance company which has not complied, in all respects, with the laws of this State, shall be subject to a fine of one thousand dollars for each offence, which shall be sued for in any competent court, by the Attorney General, for the use and benefit of the Charity Hospitals in New Orleans and Shreveport."

The insurance was taken out on an open policy in the Atlantic Mutual Insurance Company—on account of defendants—and to cover cotton in bales, purchased and shipped by them, on which drafts are drawn for the purchase, upon whom it may concern. The company is domiciled in New York, and is engaged in the business of marine insurance. It has appointed no agent in the State of Louisiana, and has not complied with the conditions prescribed by the laws of the State for conducting its business within the same. It is admitted that the defendants, on October 23, 1894, insured in said open policy one hundred bales of cotton, by mail communication, and that at the time of the mailing of the communication, the cotton was situated within the limits of the State. When the communication was posted, it had the effect, if the shipment was in accordance with the stipulations of the open policy, of insuring the cotton from that time.

As this case is the sequel of the case of State vs. Williams, 46 An. 922, we refer to that case for a full statement of the character of the transaction between defendants and the company, and for the interpretation and construction placed upon the contract. It is sufficient to say, here, that in that case, we held that an open policy of insurance in which an aggregate amount is expressed, there are as many contracts of insurance as there are endorsements on the policy of separate shipments of goods. The open policy in this case is conceded to be a New York contract. Hence, the special insurance effected on the cotton complained of here was a New York contract. The insurance company has been doing business in effecting insurance on cotton in this State, and this is not an isolated instance. Whether the mode adopted by the company was designed to evade the laws of the State, it is immaterial to determine. The effect of the contract has been to evade the laws of Louisiana, and Act 66 of 1894 was doubtless intended to prevent just such contracts as the defendants entered into with the Atlantic Mutual Insurance Company.

There can be no doubt of the correctness of the proposition that the right to prohibit foreign corporations from doing business in the State without complying with Art. 236 of the Constitution, carries with it the right to enforce the prohibition by appropriate legislation. State vs. Williams, 46 An. 922; Hooper vs. People of State of California, 155 U. S. 648, and cases cited.

We will here remark that this case effectually disposes of defendants' contention as to the unconstitutionality of the act as an interference with commerce between the States, and as being in violation of the 14th Amendment to the Constitution of the United States.

As the act is in the enforcement of Art. 236 of the Constitution of the State, we do not see wherein it violates that instrument.

The question presented is the simple proposition, whether under the act, a party, while in the State, can insure property in Louisiana in a foreign insurance company, which has not complied with the laws of the State, under an open policy, the special contract or insurance and the open policy being contracts entered into beyond the limits of the State.

The power to forbid foreign insurance companies from doing business until they comply with prescribed conditions within the State necessarily carries with it the right to enforce this power by appro-

priate legislation. The State, therefore, has the right to prohibit its citizens from taking out an open policy, covering special contracts of insurance in a foreign insurance company, which has not complied with its laws. State vs. Williams, 46 An. 922; Frisbie vs. United States, 157 U. S. 165.

This legal proposition is fully stated in the case cited, and is elaborately argued and sustained in the case of Hooper vs. The People of California.

We are not dealing with the contract. If it be legal in New York, it is valid elsewhere. We are concerned only with the fact of its having been entered into by a citizen of Louisiana while within her limits, affecting property within her territorial limits. It is the act of the party, and not the contract, which we are to consider. The defendants who made the contract did so while they were in the State, and it had reference to property located within the State. Such a contract is in violation of the laws of the State, and the defendants who made it were within the jurisdiction of the State, and must be necessarily subject to the penalty, unless there is some inhibition in the Federal or State Constitutions, or that it violates one of those inalienable rights relating to persons and property that are inherent, although not expressed in the organic law. It does not forbid the carrying on by the insurance company of its legalized business within the State. It is a means of preventing its doing so without subscribing to certain conditions which are recognized as legitimate and proper. It does not destroy the constitutional right of the citizens of New York to do business within the State of Louisiana, or of the citizens of Louisiana from insuring property. It says to the citizens of New York engaged in insurance business, that they must, like its own citizens, pay a license, and have an authorized agent in the State as prerequisite to their doing said business within its State, and it says to its own citizens, you shall not make a contract, while in the State, with any foreign insurance company which has not complied with the laws. You shall not, in this manner, contravene the public policy of the State in aiding and assisting in the violation of the laws of the State. The sovereignty of the State would be a mockery if it had not the power to compel its citizens to respect its laws.

In the case of Commonwealth vs. Biddle, 139 Pa. 605, it was held, " beyond the limitations imposed by the Constitution, the

power of the Legislature to declare any acts done within the territory of the State, unlawful or criminal, can not be questioned; and all considerations of wisdom or policy, of hardship, of difficulty, or even impossibility of general enforcement, must be addressed to the law-making branch of the government. We entertain, therefore, no doubt of the power of the Legislature to make the insurance of his property in an unauthorized foreign company, by an owner, criminal, if done in this State."

The defendants, while in the State, undoubtedly, insured their property located in the State, in a foreign insurance company, under an open policy.

The instant the letter or communication was mailed, or telegraphed, the property was insured. The act of insurance was done within the State, and the offence denounced by the statute was complete.

In the case referred to of Hooper vs. People of State of California, the court reviewed a statute of California similar, in some respects, to the one now under consideration. The California statute says: " Every person who, in this State, procures, or agrees to procure, any insurance for a resident of this State, from any insurance company not incorporated under the laws of this State, unless such company, or its agent, has filed the bond required by the laws of this State relative to insurance, is guilty of a misdemeanor."

C. D. Mott, a resident of California, applied to one Hooper for insurance on a vessel. Hooper was the agent of foreign insurance brokers, domiciled in New York. The insurance was placed by the foreign brokers. Hooper forwarded to his principals a telegram, as follows: " Alliance, four thousand dollars, done in American form." The brokers forwarded to Hooper a policy in the China Mutual Insurance Company, insuring four thousand dollars on the steamer Alliance. Mott was prosecuted and convicted under the statute. The Supreme Court of the United States affirmed the conviction. In this case all the objections of defendants to the Louisiana statute have been met.

There is in the statute an apparent interference with the liberty of defendants in restricting their rights to place insurance on property of their own, whenever, and in what company they desired. But in exercising this liberty they would interfere with the policy of the State, in forbidding insurance companies, which had not complied

with the laws of the State, from doing business within its limits. Individual liberty of action must give way to the greater right of the collective people ·in the assertion of a well defined policy, designed and intended for the general welfare.

One offience only, under the statute, has been proved.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the plaintiff, for the use of and benefit of the Charity Hospitals of New Orleans and Shreveport, do have and recover judgment against the defendants for one thousand dollars, with five per cent. interest from judicial demand, the defendants to pay all costs.